# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
#### 3:09-cv-00016-RJC-DSC

| | | |
|---|---|---|
| DEBBIE P. THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Objection to the Memorandum and Recommendation of the Magistrate Judge ("M&R"). The Plaintiff argues that she was not given sufficient opportunity to respond to the Defendant's Motion for Summary Judgment and that she has therefore been prejudiced. Local Rule 7.1(e) gives a party 14 days to respond to a motion. W.D.N.C. R. 7.1(e). Defendant submitted her Motion for Summary Judgment on November 13, 2009, and the Magistrate Judge issued his M&R on November 17–only four days later. Such efficiency is of great aid to the Court and well-appreciated. In this jurisdiction, when dealing with a Social Security appeal, the court issues a Pretrial Scheduling Order directing the parties to submit cross motions for summary judgment, to which the parties are not expected to respond. Each motion for summary judgment is effectively each party's opportunity to be heard. The pretrial scheduling order, however, does not explicitly preclude a party from responding to a pending motion for summary judgment.

In order to avoid any potential prejudice to the Plaintiff, the Plaintiff can supplement her objection to the M&R thereby responding to the Defendant's Motion for Summary Judgment. Such response shall be limited to issues not already address in the Plaintiff's memorandum in support of

her motion for summary judgment and shall be no more than ten (10) pages in length. The Court

will then, as always, review this appeal de novo.

**SO ORDERED.**

Signed: August 5, 2010

Robert J. Conrad, Jr.
Chief United States District Judge